# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RONALD V. LONG,**
**Claimant Below, Petitioner**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 15-0754**  (BOR Appeal No. 2050112)
(Claim No. 2006064674)

**BFI WASTE SYSTEMS OF NORTH AMERICA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald V. Long, by Michael Paesani, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. BFI Waste Systems of North America, Inc., by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 2, 2015, in which the Board affirmed a December 2, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 28, 2013, decision denying a request to reopen Mr. Long's claim for further consideration of temporary total disability benefits. Additionally, the Office of Judges affirmed the claims administrator's April 4, 2013, decision denying a request to authorize additional physical therapy treatments. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 22, 2006, Mr. Long sustained injuries to his right shoulder and cervical spine while manipulating a piece of metal in the course of his employment in the waste disposal industry. The claims administrator held Mr. Long's claim for workers' compensation benefits compensable for cervical and right shoulder sprains/strains on December 15, 2006. On March 8, 2007, a displaced cervical intervertebral disc was added as a compensable diagnosis. On October

1

3, 2007, Mr. Long underwent an anterior cervical discectomy, foraminotomy, and C6-7 fusion. On March 6, 2008, Allen Young, M.D, Mr. Long's treating physician, released him to return to work with a permanent fifty pound lifting restriction. Additionally, on May 29, 2008, Jerry Scott, M.D., performed an independent medical evaluation and opined that Mr. Long has reached maximum medical improvement. On July 22, 2008, the claims administrator closed Mr. Long's claim on a temporary total disability basis.

Mr. Long was employed full-time as a front-load refuse truck operator pursuant to the permanent fifty pound lifting restriction imposed by Dr. Young until May 18, 2011. On that date, Mr. Long was involved in a motor vehicle accident while operating a front-load refuse truck. Mr. Long asserts that the accident occurred because the driver of the other vehicle involved in the collision failed to yield the right-of-way at a traffic light.[1] Mr. Long further stated that the driver of the opposing vehicle did not survive the accident. In the days following the May 18, 2011, motor vehicle accident, Mr. Long sought treatment in the emergency department of St. Mary's Hospital on two separate occasions and was diagnosed with a lumbosacral strain and a left knee injury.

Following the May 18, 2011, accident, Mr. Long sought pain management care with David Caraway, M.D., who also provided him with treatment following the November 22, 2006, injury. On October 20, 2011, Dr. Caraway released Mr. Long to return to work at light-duty employment. On November 18, 2011, Mr. Long returned to Dr. Caraway for a follow-up visit and reported that he sweeps a parking lot as part of the light-duty tasks assigned to him. Mr. Long further stated that this activity has caused him to experience increased neck pain. On February 24, 2012, Mr. Long returned for an additional follow-up visit with Dr. Caraway during which he indicated that his employment duties now consist of "picking up garbage", which he stated aggravates his symptoms. However, during an October 29, 2012, follow-up visit with Dr. Caraway, Mr. Long reported experiencing increased pain that he could not associate with any recent activity or injury.

On December 13, 2012, Mr. Long sought treatment with Dr. Young. Dr. Young noted that he had not evaluated Mr. Long in over four years, and stated that Mr. Long indicated that he returned for a follow-up visit because he is experiencing increased neck pain. Additionally, Dr. Young noted that Mr. Long has not worked since late November of 2012, and is now reporting an increase in his symptoms which are not associated with a new injury. Dr. Young recommended that Mr. Long undergo a cervical spine MRI and receive physical therapy.

On February 22, 2013, Dorey Winters, BFI Waste Systems' payroll processor, authored an email which was forwarded to multiple individuals within BFI Waste Systems' human resources and management divisions. Ms. Winters indicated that Mr. Long was medically released to return to work at full-duty in October of 2012 in relation to the May 18, 2011, accident. She further indicated that Mr. Long met with Richard Claar, the manager of the facility where Mr. Long was performing light-duty employment on December 18, 2012, in order to discuss Mr. Long's return to work status. Ms. Winters stated that Mr. Long understood that he

---

[1] A police report detailing the circumstances of the accident was not submitted into evidence.

has been released to return to work with no restrictions with respect to the May 18, 2011, motor vehicle accident. Finally, she stated that Mr. Long indicated to her that he would be unable to return to his former employment as a front-load refuse vehicle driver as a result of mental trauma arising from the May 18, 2011, motor vehicle accident.

On February 28, 2013, the claims administrator denied a request to reopen Mr. Long's claim for further consideration of temporary total disability benefits.[2] Additionally, on April 4, 2013, the claims administrator denied Dr. Young's request for authorization of additional physical therapy treatments.[3] On May 21, 2013, Mr. Long authored an affidavit. In his affidavit, he stated that he believes he began experiencing increased neck and right shoulder pain after repeatedly lifting a water pump that exceeded his permanent fifty pound lifting restriction while performing light-duty employment following the May 18, 2011, motor vehicle accident.

Finally, on September 22, 2014, Nicole Sterler, BFI Waste Systems' human resource manager, authored an affidavit.[4] She stated that following the 2006 injury, but prior to the 2011 motor vehicle accident, Mr. Long was operating a front-load refuse truck in accordance with the permanent fifty pound lifting restriction. She further stated that after he was released to return to full-duty employment with respect to the May 18, 2011, accident, Mr. Long's medical records indicate that he was physically capable of returning to his post-2006 injury position as a front-load refuse truck driver. Ms. Sterler went on to state that an offer of employment in his post-2006 injury position as a front-load refuse truck driver was extended to Mr. Long following his release to return to full-duty with respect to the 2011 accident, but he never accepted the offer of employment. Finally, Ms. Sterler stated that she is unaware of any medical evidence indicating that Mr. Long is physically unable to return to work in a full-duty position operating a front-load refuse truck.

In its Order affirming the February 28, 2013, and April 4, 2013, claims administrator's decisions, the Office of Judges held that Mr. Long has failed to demonstrate that he sustained an aggravation or progression of a compensable injury which would entitle him to greater benefits than he has already received. Additionally, the Office of Judges held that he has failed to demonstrate that he is entitled to additional physical therapy treatments. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 2, 2015.

Regarding the request to reopen Mr. Long's claim for further consideration of temporary total disability benefits, the Office of Judges looked to West Virginia Code § 23-5-2 (2015) and § 23-5-3 (2015), which provide that in order to be eligible for a reopening of the claim, a

---

[2] The reopening application is not contained in the record. However, it is clear from a reading of the record that Mr. Long alleges that he sustained an aggravation or progression of the 2006 injury.

[3] The request for authorization of additional physical therapy is not contained in the record. However, once again it appears from a reading of the record that Mr. Long alleges that he requires additional physical therapy treatments as the result of an aggravation or progression of the 2006 injury.

[4] The Office of Judges erroneously identified the date of the affidavit as September 23, 2014.

claimant must demonstrate that a progression or aggravation of a compensable condition has occurred or, in the alternative, that a fact or facts not previously considered and which would entitle him to greater benefits than those already received exists. The Office of Judges then noted that the reopening application is not contained in the evidentiary record. Further, the Office of Judges found that the record does not contain any pertinent medical evidence demonstrating that Mr. Long's job duties caused an aggravation or progression of the 2006 injury which would have entitled him to additional temporary total disability benefits. Additionally, the Office of Judges found that the record does not contain evidence of a fact or facts not previously considered which would entitle Mr. Long to additional temporary total disability benefits. Specifically, the Office of Judges noted that Dr. Caraway's 2012 treatment notes referencing Mr. Long's complaints of experiencing increased pain while at work predated the reopening application by a full year. Further, the Office of Judges noted that the record contains additional documentation indicating that Mr. Long was also experiencing increased pain which he was unable to associate with any activity or injury. Finally, the Office of Judges noted that the only evidence of record indicating that Mr. Long is unable to work takes the form of a March 11, 2013, work excuse authored by Dr. Young.[5] However, the Office of Judges found that because Mr. Long stopped working in November of 2012, it is difficult to attribute his inability to work in March of 2013 to an aggravation or progression of the 2006 injury.

Regarding Mr. Long's request for authorization of additional physical therapy treatments, the Office of Judges also noted that the request for authorization is not contained in the evidentiary record. The Office of Judges further found that the record does not contain any evidence demonstrating that the request for additional physical therapy treatments is medically necessary or reasonably required for the treatment of a compensable injury. Additionally, the Office of Judges looked to the provisions of West Virginia Code of State Rules § 85-20-46.7 (2006), which governs the use of physical therapy as a treatment modality and provides that after a claimant has reached maximum medical improvement and returned to work, the use of physical therapy is only permitted if the claimant experiences a work-related flare-up of the compensable injury. The Office of Judges noted that Dr. Scott found that Mr. Long reached maximum medical improvement with respect to the 2006 injury on May 29, 2008. The Office of Judges then determined that pursuant to the Rule, additional physical therapy can only be authorized for a work-related flare-up of a compensable condition, which Mr. Long has failed to demonstrate occurred. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[5] The work excuse simply states that Mr. Long is unable to work. It makes no mention of the compensable injury or the expected period of disability.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II